## Clarke, Appellant, *v.* Ratcliffe.

The probate court has not jurisdiction to enforce an attorney's lien for fees on money recovered in that court.

In proceeding to enforce a lien, all persons interested must be made parties to the proceedings.

APPEAL from the probate court of the county of Yazoo.

CLARK for appellant.

MILES *contra*.

Mr. Justice CLAYTON delivered the opinion of the court.

The appellant, James R. Clarke, entered a motion in the probate court of Yazoo county, against the appellee, Samuel N. Ratcliffe, under the following circumstances:

A suit was brought in that court by Isaac Ratcliffe, as trustee or guardian, against the appellee, Samuel N. Ratcliffe, in which the former recovered a decree for fifteen hundred and eighty-seven dollars. Clarke, the appellant, was the counsel of Isaac Ratcliffe, and he instituted this proceeding against Samuel N. Ratcliffe to obtain an order of the court to subject the amount recovered by the decree above named to the payment of his fee in the case, and the fee of his associate counsel, which had been assigned to him. The amount claimed was three hundred dollars each, and the court was desired to enter up an order requiring the defendant, Samuel N. Ratcliffe, to pay that sum into court, to be appropriated to his fee; or, if that amount was excessive, then such other sum as the court might deem just.

The court overruled the motion, from which an appeal was taken to this court.

Clarke, Appellant, *v.* Ratcliffe.

The probate court is one of limited and defined jurisdiction, and, while it has ample powers in regard to the matters confided to it, it certainly has no direct authority to adjust differences between counsel and client.  Nor does it seem necessary, to the due exercise of any of its granted powers, that this should be assumed as an incident.

There are modes in which counsel may enforce their lien upon the fund recovered, by their services, but this is not the forum in which it can be done.

It is to be observed, too, that, in this case, Isaac Ratcliffe, who recovered the fund, is not a party.  It would have been error to have made an order directly affecting his rights, without having him before the court.'

The order of the court below is affirmed.